UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANICE L. COLEMAN,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>               Defendant. | No. C05-0333MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES |

      This matter comes before the Court on Plaintiff's counsel's motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b). (Dkt. Nos. 31-32.) Defendant does not object to the award of attorney's fees. (Dkt. No. 33.) Having considered the motion and response, the Court GRANTS IN PART and DENIES IN PART counsel's motion for fees.

**Background**

      In May 1998, Janice Coleman filed a claim for Social Security disability benefits as a result of rheumatoid arthritis and other disabling conditions. The Social Security Commissioner denied her claim for benefits at the ALJ and Appeals Council level, and Ms. Coleman appealed to this Court. Magistrate Judge Theiler issued a Report & Recommendation ("R&R") recommending that the Commissioner's decision be affirmed, (Dkt. No. 19) but this Court declined to adopt the R&R. (Dkt. No. 25). Instead, the Court ruled that the ALJ had erred by disregarding Ms. Coleman's testimony and the "overwhelming weight" of the medical evidence, which showed that Ms. Coleman was

ORDER - 1

disabled. (Id. at 9). Accordingly, the Court remanded to the Commissioner for an immediate award of benefits. (Id.)

On May 30, 2006, Plaintiff's attorney, Robert Friedman, filed a motion requesting $13,150.06 in attorney's fees and costs from the Commissioner, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), (d). (Dkt. No. 27). Because Mr. Friedman's motion was six days outside the applicable statute of limitations, the Court denied Mr. Friedman's motion as untimely. (Dkt. No. 30).

Meanwhile, the Commissioner awarded Ms. Coleman $73,017 in past-due benefits, in accordance with this Court's order. (Dkt. No. 31, Ex. 2). Mr. Friedman now moves this Court for an attorney's fee award of $18,254.25 — i.e., 25 percent of Ms. Coleman's benefits award — for his work before this Court. He points to the agreement that he signed with Ms. Coleman, which provided that he is to receive 25 percent of whatever benefits Ms. Coleman receives. (Dkt. No. 31, Ex. 5).

The Commissioner does not object to Mr. Friedman's fee request. (Dkt. No. 33). Ms. Coleman did not file a responsive brief, and it is unclear if she is aware of the present motion.

**Discussion**

When a court issues a judgment favorable to a Social Security claimant, the court may authorize a "reasonable" attorney's fee not to exceed 25 percent of the past-due benefits that the claimant is entitled to. See 42 U.S.C. § 406(b)(1). In this case, the Court's order remanding for an award of benefits is clearly a "favorable" decision, and Mr. Friedman's fee request falls within the 25 percent ceiling set by the statute. The question here is whether the fee request is "reasonable."

The Supreme Court has cautioned that a district court must carefully test fee requests under § 406(b)(1) for reasonableness, regardless of what the lawyer-client contract says. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Courts may look to the character of the representation in making this inquiry and may reduce fee requests for substandard representation. See id. at 808.

ORDER - 2

In this case, Mr. Friedman missed a chance to obtain $13,150.06 from the Commissioner under the EAJA by filing his EAJA motion outside the statute of limitations. Had Mr. Friedman obtained both the $13,150.06 EAJA award and his 25 percent cut of Ms. Coleman's benefits award, he would have been obligated to refund the $13,150.06 to Ms. Coleman. See id. at 796 ("Fee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") In other words, Ms. Coleman lost out of the possibility to collect $13,150.06 as a result of Mr. Friedman missing the EAJA filing deadline.

In his brief, Mr. Friedman argues that Ms. Coleman would not be harmed by Mr. Friedman obtaining a full 25 percent cut of her benefits award. Essentially, Mr. Friedman pledges not to seek attorney's fees under 42 U.S.C. § 406(a) for his work before the Commissioner, instead limiting himself to the current § 406(b) fee request for work before this Court. (Dkt. No. 32, at 14). Mr. Friedman claims that, had he obtained an EAJA award and refunded it to Ms. Coleman as required by law, he would have taken it right back by filing an additional fee motion under § 406(a). (Id. at 14-15.) In other words, Mr. Friedman claims that, regardless of the circumstances, Ms. Coleman would not have kept the $13,150.06 EAJA award.

Mr. Friedman's argument is unconvincing because it assumes that Mr. Friedman would have ultimately taken back the EAJA award by obtaining a fee award under § 406(a). But it is not clear that Mr. Friedman could file a successful § 406(a) motion under the facts of this case. The Commissioner is only obligated to grant fees under § 406(a) "whenever the Commissioner . . . makes a determination favorable to the claimant." 42 U.S.C. §406(a)(1). In this case, the Commissioner made <u>unfavorable</u> determinations at both levels of the administrative review process, and only awarded benefits after being ordered to do so by this Court. It is doubtful that the Commissioner's mere execution of this Court's order qualifies as a "favorable determination" by the Commissioner.

The Sixth Circuit's decision in <u>Horenstein v. Secretary of Health and Human Services</u> is instructive in this regard. <u>Horenstein</u> states that § 406(a) only requires fee awards "in cases resolved at the administrative level." 35 F.3d 261, 262 (6th Cir. 1994) (en banc). But this case was "resolved"

ORDER - 3

at the judicial level, not the administrative level. The Commissioner only executed the Court's judgment. Thus, it is doubtful that Mr. Friedman could successfully file for fees under § 406(a).

In conclusion, the Court rejects Mr. Friedman's argument that Ms. Coleman was not harmed by Mr. Friedman's failure to timely file for an EAJA award. Because Mr. Friedman denied Ms. Coleman the possibility of a $13,150.06 EAJA award by missing the EAJA filing deadline, Mr. Friedman's fee request is not reasonable. The fee award shall be reduced by $13,010.06, so that Ms. Coleman will be put in the same financial position as if Mr. Friedman had obtained the EAJA award. In short, the Court authorizes a fee award of $5,104.19, equaling Mr. Friedman's requested fee of $18,254.25 minus the $13,150.06 EAJA equivalent.

The Court notes that its decision to reduce the fee award in no way reflects on the substance of Mr. Friedman's legal representation of Ms. Coleman. His work in front of this Court was well done, and ultimately benefitted his client. But Mr. Friedman missed an important deadline that would have gained his client over $13,000 in attorney's fees. Experienced counsel, like Mr. Friedman, should not miss these kinds of procedural deadlines. And the client should not suffer the consequences of that kind of mistake.

**Conclusion**

Because a full 25 percent fee award is not reasonable, the Court deducts from the award the amount that counsel could have obtained had he timely filed for EAJA fees. Thus, the Court authorizes a fee award of $5,104.19.

Dated: July 26th, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 4